UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HENRY ORJUELA-MEDINA

                                        Case No. 8:05-cr-381-T-24 MAP
                                              8:13-cv-378-T-24 MAP

v.

                                        Related Cases:
                                                8:06-cv-2207-T-24 MSS

UNITED STATES OF AMERICA                    8:07-cv-1840-T-24 MSS

_____/

**ORDER**

This cause comes before the Court on Petitioner's motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (CV Doc. No. 1; CR Doc. No. 176). Because review of the motion and the file in the case conclusively show that Petitioner is not entitled to relief, the Court will not cause notice thereof to be served upon the United States Attorney but shall proceed to address the matter. 28 U.S.C. § 2255(b).

**I.  Background**

On October 27, 2005, Petitioner pled guilty, pursuant to a plea agreement, to Count One of the Indictment, which charged him with conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States. (CR Doc. No. 25, 39). Petitioner did not contest the factual basis contained in the plea agreement, which included the following:

> On or about August 28. 2005, the defendant and three other crew members were aboard the Colombian registered fishing vessel Mar Picao when intercepted by the United States Coast Guard in the Carribean Sea. . . . During the encounter the Coast Guard seized approximately 350 kilograms of cocaine from the vessel.

(CR Doc. No. 25, p. 12).

Petitioner was sentenced on January 27, 2006 to 121 months of imprisonment, and the judgment was entered against Petitioner the same day. (CR Doc. No. 71, 74). Petitioner did not appeal his conviction. Instead, he filed his first § 2255 motion in November of 2006, which this Court denied. (CR Doc. No. 137, 139). Thereafter, he filed a second § 2255 motion in October of 2007, which this Court denied because it was an unauthorized successive § 2255 motion. (CR Doc. No. 148, 149). Currently pending before the Court is Petitioner's third § 2255 motion, which was filed in February of 2013. (CR Doc. No. 176, CV Doc. No. 1).

## II.  Section 2255 Motion

Petitioner argues in the instant § 2255 motion that his conviction should be vacated, because the Maritime Drug Law Enforcement Act is unconstitutional as applied to him. In support of this contention, Petitioner cites the Eleventh Circuit's opinion in United States v. Bellaizac-Hurtado, 700 F.3d 1245 (11th Cir. 2012). However, because his motion is untimely, successive, and lacks merit, it must be denied.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "established a mandatory, one-year 'period of limitation' for § 2255 motions, which runs from the latest of the following events:

(1)   the date on which the judgment of conviction becomes final;
(2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review; or
(4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Jones v. United States, 304 F.3d 1035, 1037-38 (11th Cir. 2002) (citing 28 U.S.C. § 2255(f)(1)-

(4)).

Petitioner was sentenced and judgment was entered on January 27, 2006. Petitioner did not appeal his conviction, and as such, his conviction became final when the time for filing an appeal expired. Therefore, his conviction became final on February 10, 2006.

Pursuant to 28 U.S.C. § 2255(f)(1), Petitioner had one year from February 10, 2006 within which to file his § 2255 motion. Petitioner's § 2255 motion was not filed until February of 2013. As such, Petitioner's motion is time-barred unless Petitioner can show that he is entitled to a later filing date pursuant to 28 U.S.C. § 2255(f)(2) - (4). To the extent that Petitioner relies on the Eleventh Circuit's November 6, 2012 opinion in United States v. Bellaizac-Hurtado to restart the one-year limitations period, such an argument is rejected. Because the Bellaizac-Hurtado opinion is an opinion of the Eleventh Circuit, and not an opinion of the Supreme Court, it cannot serve as a basis to restart the one-year limitations period. See Vargas v. U.S., 2013 WL 424362, at *1 (M.D. Fla. Feb. 4, 2013).

Even if Petitioner's motion was timely, it would still be denied as successive, as this is the third § 2255 motion that Petitioner has filed. Pursuant to 28 U.S.C. § 2255(h), a successive § 2255 motion must be certified by a panel of the Eleventh Circuit prior to being filed in this Court. No such certification was obtained in this case.

Finally, even if Petitioner's motion was timely and was not successive, it would still be denied on the merits, because Petitioner's reliance on Bellaizac-Hurtado is misplaced. In that case, a panel of the Eleventh Circuit ruled, in an unpublished opinion, that the Maritime Drug Law Enforcement Act, 46 U.S.C. §§ 70503(a) and 70506, was unconstitutional as applied to the drug-trafficking activities of the defendants in that case, which occurred in the territorial waters

3

of Panama. See Bellaizac-Hurtado, 700 F.3d at 1258. The panel reasoned, "[b]ecause drug trafficking is not a violation of customary international law, . . . Congress exceeded its power, under the Offences Clause [of the U.S. Constitution] when it proscribed the defendants' [drug trafficking] conduct in the territorial waters of Panama." Id.

In his § 2255 motion, Petitioner admits that he was in international waters when he states that he was detained "approximately 150 nautical miles South of Jamaica, in International waters, in Caribbean Sea." (CV Doc. 1, CR Doc. No. 176). Bellaizac-Hurtado is factually distinguishable from the instant case because it concerns Congress's ability to proscribe drug-trafficking activity in territorial waters, particularly the territorial waters of Panama, In addition, as explained by the Eleventh Circuit, the United States generally recognizes the territorial waters of foreign nations up to twelve nautical miles adjacent to their coasts:

> In United States v. Marino–Garcia, we concluded that "international law permits any nation to subject stateless vessels on the high seas to its jurisdiction," and, consequently, that "all persons aboard vessels engaged in drug trafficking that [fail] to unmistakably accede to the authority of a single sovereign while traversing the high seas [are] subject to the criminal jurisdiction of the United States." 679 F.2d 1373, 1383–84 (11th Cir.1982); see also 33 C.F.R. § 2.05–1 (defining "high seas" (with exceptions not relevant here) as "all waters which are neither territorial seas nor internal waters of the United States or of any foreign country"); 33 C.F.R. § 2.05–5(b) (defining "territorial seas" of foreign countries as "waters within the belt that is adjacent to its coast and whose breadth and baseline are recognized by the United States"). The United States generally recognizes the territorial seas of foreign nations up to twelve nautical miles adjacent to recognized foreign coasts. See United States: Proclamation on an Exclusive Economic Zone, 22 I.L.M. 461, 462 (March 10, 1983) ("The United States will respect only those territorial sea claims of others in excess of 3 nautical miles, to a maximum of 12 nautical miles, which accord to the U.S. its full rights under international law in the territorial sea."); United States Ocean Policy, Statement by President Reagan, 22 I.L.M. 464, 464 (March 10, 1983) ("[T]he United States will recognize the rights of other states in the waters off

>           their coasts, as reflected in the [United Nations Convention on the
>           Law of the Sea], so long as the rights and freedoms of the United
>           States and others under international law are recognized by such
>           coastal states."); see also United Nations Convention on the Law of
>           the Sea, Dec. 10, 1982, 21 I.L.M. 1245, 1272, Part II § 2, Art. 3
>           ("Every State has the right to establish the breadth of its territorial sea
>           up to a limit not exceeding 12 nautical miles, measured from
>           baselines determined in accordance with this Convention.").

U.S. v. McPhee, 336 F.3d 1269, 1273 (11th Cir. 2003)(footnotes omitted). Therefore if Petitioner was 150 nautical miles south of Jamaica, he was not in territorial seas but in international waters.

### III.  Conclusion

Bellaizac-Hurtado is factually distinguishable and does not support Petitioner's argument that his conviction should be vacated. Petitioner's motion is untimely and successive. Accordingly, Petitioner's motion to vacate sentence is **DISMISSED** as untimely and successive. The Clerk is directed to close the civil case.

### CERTIFICATE OF APPEALABILITY AND
### LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHERED ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). Id. "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel 529 U.S. 473, 484 (2000)), or that "the issues

presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** at Tampa, Florida, this 14th day of February, 2013.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
Pro Se Petitioner